**MORALES et al. v. BLYTHE MILLS CO. OF PUERTO RICO, Inc.**

**Civ. No. 6452.**

United 'States District Court
D. Puerto Rico.
July 29, 1952.

Francisco Ponsa-Feliu, Victor M. Bosch and Pedro J. Alcala, all of San Juan, Puerto Rico, for plaintiffs.

McConnell & Valdés, San Juan, Puerto Rico, for defendant.

RUIZ-NAZARIO, District Judge.

The plaintiffs in this case drove certain "Euclid" trucks as employees of the defendant between October 1949 and July 1951, during which period defendant was engaged in general construction and engineering work, and, particularly, in filling and levelling the runways of the international airport at Isla Verde, P. R. The above facts, as well as coverage of plaintiffs under Mandatory Decree No. 11 of the Minimum Wage Board of Puerto Rico, are admitted by defendant. The only matters in dispute are (a) whether plaintiffs are to be classified under Group A established by Art. 2 of said Decree, which comprises operators of heavy equipment, and which provides for minimum hourly wage rate of $1.10, or group D, providing for a minimum hourly rate of 60 cents and which, as held by the Supreme Court of Puerto Rico in Sierra, etc. v. Quilinchini, 72 D.P. R. 659, covers chauffeurs, and (b) in the event it should be determined that they belong to group A, the amount of defendant's liability to them.

Both parties have moved for summary judgment, and by their affidavits and other exhibits have postured their respective contention on the nature of the Euclid truck itself: on the one hand defendant has filed affidavits stating the essential operational differences between these monster conveyors (which it claims are different from the primitive hand cart or basket only in degree), and the heavy equipment or machinery listed in Group A, such as bull-

260

dozers, drag lines, graders, power shovels and loader-conveyor. Plaintiffs in their affidavit, differentiate the Euclid apparatus from the ordinary truck only in degree, i. e., by reference to its huge size, different construction, oversize tires, great weight, and state that they are in fact similar to bulldozers and the other machinery particularized in Group A, by reason of their construction, oversize tires, lack of fenders, Diesel power and provision of only one seat for the driver, but fail to claim or show any operational similarity between these and said Euclid trucks.

The factors of weight, size and task performed by the huge machines of modern engineering are not conclusive in classifying them under Art. 2 of the Mandatory Decree. The article, read as a whole, makes the varying degrees of operational skill the criterion for the rate of pay each trade is to receive. Returning now to the express provisions of Group A, we find that the listed occupations all involve operational skill, knowledge and experience beyond that required merely to drive or steer the bulldozer, grader, etc., from place to place; theirs is not simply directing movement of a vehicle from place to place, but involves further, more complicated manipulations and a certain deftness, in order to accomplish the task for which the ma-·hinery was designed.

Plaintiffs' affidavit does not show that the Euclid truck is different, in any essential way, from any other truck; it fails to show that any special skills are involved in its running such as are indispensable in the operation of the heavy machinery or equipment listed under Group A of the Mandatory Decree; from the affidavits of record, there appears no controversy as to the use, operation and function of these trucks, nor that the skill required to operate them may be identical or similar or even comparable (ejusdem generis) to the skill required to operate the specific machinery listed in Group A of Art. 2 of Mandatory Decree No. 11.

There is, therefore, no genuine issue as to the material fact that plaintiffs were not operators of heavy machinery or equipment within the purview of Group A, Article 2 of the said Mandatory Decree No. 11 of the Minimum Wage Board of Puerto Rico on which they base their claim in this case and defendant is entitled to judgment as a matter of law. It is hereby ordered, adjudged and decreed, that the complaint be, and the same is hereby dismissed.